IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ALL AMERICA INSURANCE COMPANY, *

        Plaintiff, *

vs. *

                      CASE NO. 3:07-CV-012 (CDL)

                          *

CSX TRANSPORTATION, INC.;
PYRAMID STONE INDUSTRIES, INC.; *
and WILLIAM DEAN BOWMAN,
                          *

        Defendants.
                          *

O R D E R

This declaratory judgment action arises from separate litigation involving a train derailment in Elberton, Georgia on November 24, 2005. In that action, CSX Transportation, Inc. ("CSX") asserts claims of negligence, respondeat superior liability, and punitive damages against William Dean Bowman and his employer, Pyramid Stone Industries, Inc. ("Pyramid Stone"). Specifically, CSX claims that Bowman damaged a section of railroad track by driving a front-end loader across the tracks. Pyramid Stone owns the subject equipment, and CSX contends that Bowman operated that equipment and caused injury to CSX while acting within the scope of his employment with Pyramid Stone.[1]

---

[1] The specific facts related to both of these cases are set out in detail in the order granting Pyramid Stone's motion for summary judgment. *See CSX Transp., Inc. v. Bowman*, No. 3:06-CV-98-CDL, at 1-5 (M.D. Ga. filed April 9, 2008) [hereinafter *Bowman I*].

1

Pursuant to a commercial general liability policy issued to Pyramid Stone, All America is presently providing a defense to both defendants in the *Bowman I* case. However, All America filed this action seeking a declaration that Bowman is not "an insured" under the Pyramid Stone policy and thus that All America is not obligated to cover, defend, or indemnify any claim that CSX asserts against Bowman. The policy at issue defines "an insured" to include "[Pyramid Stone] 'employees,' . . . but only for acts within the scope of their employment by [Pyramid Stone] or while performing duties related to the conduct of [Pyramid Stone's] business." (Pt. 4 of Ex. A to Pet. for Declaratory J., Commercial General Liability Coverage Form § II.2.a.) According to All America, Bowman is not entitled to coverage because he was not acting within the scope of his employment at the time of the alleged injury to CSX. Presently pending before the Court is All America Insurance Company's Renewed Motion for Summary Judgment (Doc. 29).

On April 9, 2008, this Court entered an order in *Bowman I* granting summary judgment in favor of Pyramid Stone on CSX's claim for respondeat superior liability. The Court specifically determined that the record lacked any evidence demonstrating that Bowman was acting within the scope of his employment at the time of the alleged injury to CSX. *See Bowman I* at 7-12. Thus, for the same reasons that Pyramid Stone was entitled to summary judgment on the claim of respondeat superior liability, the Court finds that All America is

entitled to a declaration that Bowman is not "an insured" entitled to coverage under the Pyramid Stone commercial liability insurance policy.

CONCLUSION

For the foregoing reasons, the Court grants All America Insurance Company's Renewed Motion for Summary Judgment (Doc. 29).

IT IS SO ORDERED, this 9th day of April, 2008.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE